CARLO BROOKS
carlo@carlobrooks.com
THE BROOKS LAW FIRM, APC
3826 Grand View Blvd., Suite 661472
Los Angeles, CA 90066
Telephone: (310) 691-9373

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ROCAEL EDUARDO CAMARGO GOMEZ,<br><br>*Plaintiff*<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS); ANGELICA ALFONSO-ROYALS, ACTING DIRECTOR, USCIS; SARA M. FRENCH, DIRECTOR, USCIS BUFFALO FIELD OFFICE; SUSAN DIBBINS, CHIEF, USCIS ADMINISTRATIVE APPEALS OFFICE,<br><br>*Defendants* | Case No.: 2:25-cv-5218<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT** |

## INTRODUCTION

1.      This action is brought under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, to challenge the arbitrary and unlawful denial of Plaintiff Rocael Eduardo Camargo Gomez's Form I-212, Application for Permission to Reapply for Admission After Deportation or Removal. USCIS initially denied Plaintiff's application under a ground of inadmissibility—INA § 212(a)(9)(C)—that the Administrative Appeals Office (AAO) later acknowledged did not apply. However, instead of remanding the matter or issuing a Notice of Intent to Deny (NOID), the AAO substituted a new factual and legal basis for denial—INA § 212(a)(9)(A), in conjunction with INA § 241(a)(5)—without prior notice and without any supporting evidence in the record.

2.      The agency's shifting rationale, failure to provide notice of adverse evidence, and refusal to remand for initial adjudication by the field office violate core APA principles and deprive Plaintiff of a fair adjudicatory process. Despite asserting that a reinstated removal order exists, USCIS failed to provide any record of such order, and incorrectly treated a 1992 pre-IIRIRA deportation as a post-IIRIRA removal order. These errors of law and fact materially affected the outcome and rendered the denial unlawful.

3.      Plaintiff seeks declaratory and injunctive relief under 5 U.S.C. § 706(2)(A), including an order setting aside USCIS's denial of the Form I-212, and

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

remanding the application for proper adjudication in accordance with law.

## PARTIES

4. **Plaintiff Rocael Eduardo Camargo Gomez** is a native and citizen of Guatemala. He resides in North Hollywood, California with his U.S. citizen daughter. Plaintiff is the beneficiary of an approved visa petition and has sought to adjust his status in the United States. On or around October 7, 2021, he filed Form I-212 seeking advance permission to reapply for admission. See Exhibit 1 (Cover Letter and Receipt Notice dated October 25, 2021).

5. **Defendant United States Citizenship and Immigration Services (USCIS)** is a federal agency within the U.S. Department of Homeland Security charged with the adjudication of applications for immigration benefits, including Form I-212. USCIS denied Plaintiff's application and its AAO dismissed the subsequent appeal.

6. **Defendant Angelica Alfonso-Royals** is the Acting Director of USCIS and is sued in her official capacity.

7. **Defendant Susan Dibbins** is the Chief of the Administrative Appeals Office, a component of USCIS that adjudicated Plaintiff's appeal. She is sued in her official capacity only.

8. **Defendant Sara M. French** is the Director of the Buffalo Field Office of USCIS, and is sued in her official capacity only.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq.

10.     This Court also has jurisdiction under 5 U.S.C. § 702, which provides that a person aggrieved by agency action is entitled to judicial review. This case seeks review of final agency action within the meaning of 5 U.S.C. § 704, and seeks relief under 5 U.S.C. § 706(2)(A), which authorizes courts to set aside agency actions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

11.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(e) because Plaintiff resides in this district and no real property is involved in this action. In addition, a substantial part of the events and omissions giving rise to the claim occurred in this district.

**LEGAL FRAMEWORK**

12.     Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The term "agency action" includes the failure to act. 5 U.S.C. §§ 551(13), 706(1).

13.     The APA requires courts to "hold unlawful and set aside agency

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; [or] (B) contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2).

14. USCIS adjudications must follow binding regulations and precedent. Under 8 C.F.R. § 103.2(b)(16)(i), if USCIS intends to deny an application based on derogatory information of which the applicant is unaware, the agency must disclose the information and provide an opportunity to rebut it before issuing an adverse decision.

15. The AAO's Practice Manual § 3.14(e) instructs that when new issues are identified during appellate review, the AAO may remand the matter to the original adjudicator or issue a Notice of Intent to Deny. The Manual provides: "The AAO may remand a decision if the appellant has overcome the grounds of the unfavorable decision on appeal, but the AAO has identified additional grounds of ineligibility during its de novo review." The AAO failed to follow this procedure in Plaintiff's case.

16. Plaintiff brings this action under the APA only and is not required to exhaust further administrative remedies. The Supreme Court held in *Darby v. Cisneros*, 509 U.S. 137, 154 (1993), that exhaustion of non-mandatory administrative remedies is not required in APA suits unless required by statute or agency rule. Here, there is no statute or regulation requiring exhaustion to the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

AAO, and Plaintiff's APA claim is therefore properly before this Court.

17.     Judicial review of USCIS decisions under the APA is well established. *See, e.g., Spencer Enters., Inc. v. United States*, 345 F.3d 683, 686 (9th Cir. 2003) (reviewing APA challenge to denial of immigrant investor visa petition); *Shalom Pentecostal Church v. Acting Sec'y USDHS*, 783 F.3d 156 (3d Cir. 2015) (APA challenge to religious worker petition denial); *Louisiana Philharmonic Orchestra v. INS*, 44 F. Supp. 2d 800 (E.D. La. 1999) (APA challenge to H-1B visa denial).

**FACTS AND BACKGROUND**

18.     Plaintiff Rocael Eduardo Camargo Gomez is a native and citizen of Guatemala. On May 23, 1992, he was deported from the United States pursuant to an order of deportation issued by an Immigration Judge on May 11, 1992. He reentered the United States later that year, in or around November 1992, without inspection.

19.     Plaintiff has resided continuously in the United States since his return in 1992. He is the father of a U.S. citizen daughter over the age of 21 and is the beneficiary of an approved visa petition filed on his behalf.

20.     On or around October 7, 2021, Plaintiff submitted Form I-212, Application for Permission to Reapply for Admission After Deportation or Removal. See Exhibit 1 (Cover Letter and Receipt Notice dated October 25, 2021).

21.     On August 23, 2024, USCIS issued a decision denying the I-212

application. The denial was based solely on a determination that Plaintiff was inadmissible under INA § 212(a)(9)(C) and could not file from within the United States. The denial erroneously stated that Plaintiff was ineligible to seek permission to reapply unless he remained outside the United States for 10 years, relying on *Matter of Torres-Garcia*, 23 I&N Dec. 866 (BIA 2006). See Exhibit 2 (USCIS Denial dated August 23, 2024).

22.    On October 10, 2023, Plaintiff appealed the denial by timely filing Form I-290B, along with a supporting legal brief filed on October 17, 2024. In his appeal, Plaintiff argued that § 212(a)(9)(C) did not apply because his deportation and reentry occurred before the enactment and effective date of IIRIRA. He also noted that he had never been ordered "removed" and that under 8 C.F.R. § 212.2(e), I-212 applications may be filed from within the United States when no *removal* bar applies. See Exhibit 3 (Appeal Brief dated October 17, 2024).

23.    On March 14, 2025, the Administrative Appeals Office (AAO) dismissed the appeal. While the AAO agreed that Plaintiff was not inadmissible under INA § 212(a)(9)(C) and withdrew the USCIS Director's stated basis for denial, it substituted an entirely new ground for denial based on INA § 212(a)(9)(A)(ii) and a supposed reinstatement of *removal* under INA § 241(a)(5). See Exhibit 4 (AAO Decision dated March 14, 2025).

24.    The AAO concluded, without notice or evidentiary citation, that

Plaintiff was ineligible to apply for permission to reapply because his 1992 *deportation* order had allegedly been reinstated in 2021. The AAO did not cite to any reinstatement order in the record and did not attach or reference such evidence. Instead, it claimed that the reinstatement was "acknowledged" by Plaintiff on appeal—when in fact Plaintiff consistently disputed that any *removal* order ever existed.

25.     On April 11, 2025, Plaintiff filed a timely motion to reconsider the AAO's decision, explaining that the AAO's substituted ground for denial was raised for the first time in the decision and unsupported by any record evidence. Plaintiff reiterated that all operative events occurred prior to IIRIRA, that no removal order had ever issued, and that any reinstatement would necessarily have been of a *deportation* order, not a *removal* order. He further cited the AAO's own Practice Manual, which states that where new grounds of ineligibility arise during appeal, the proper procedure is to remand the matter or issue a NOID—neither of which occurred. See Exhibit 5 (Motion to Reconsider dated April 11, 2025).

26.     The AAO has taken no action on the motion to reconsider, and the denial of Plaintiff's I-212 application remains in effect.

27.     The substituted ground for denial—INA § 212(a)(9)(A) in conjunction with § 241(a)(5)—is based on legal and factual errors that render the decision arbitrary, capricious, and contrary to law under 5 U.S.C. § 706(2)(A). Plaintiff was

never ordered removed, and USCIS never produced any removal or reinstatement order in support of its determination. Instead, the agency shifted its theory midstream, relied on an unproven assertion of a removal order, and failed to follow the procedural safeguards required by regulation.

28.     Plaintiff has exhausted all administrative remedies that are required under the law. Under *Darby v. Cisneros*, 509 U.S. 137 (1993), a plaintiff in an APA-only action is not required to exhaust non-mandatory remedies, including motions to reconsider or reopen, where no statute or rule mandates exhaustion. Plaintiff brings this action solely under the APA.

### FIRST CAUSE OF ACTION
**Violation of the Administrative Procedure Act (5 U.S.C. § 706(2)(A))**

29.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30.     Defendants' denial of Plaintiff's Form I-212 application constitutes final agency action subject to judicial review under 5 U.S.C. §§ 702 and 704.

31.     Under the APA, a court must "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

32.     USCIS initially denied Plaintiff's I-212 application on the ground that he was inadmissible under INA § 212(a)(9)(C). On administrative appeal, the AAO properly withdrew that finding, acknowledging that Plaintiff's deportation and

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

reentry predated IIRIRA and that the permanent bar under § 212(a)(9)(C) did not apply.

33.     However, rather than remanding the case to the USCIS field office or issuing a Notice of Intent to Deny pursuant to 8 C.F.R. § 103.2(b)(16)(i), the AAO introduced a new factual and legal basis for denial—INA § 212(a)(9)(A), grounded on a purported reinstatement of removal under INA § 241(a)(5)—which had never previously been raised, noticed, or substantiated by evidence in the record. See Exhibit 4.

34.     The alleged reinstatement of removal was neither attached nor cited by document in the AAO's decision. Plaintiff and his counsel have never been provided with such evidence and repeatedly disputed that any removal order had ever been issued. Plaintiff had consistently explained, in both the appeal and motion to reconsider, that his 1992 order was a deportation order entered under pre-IIRIRA law. See Exhibits 3 and 5.

35.     The AAO's own Practice Manual § 3.14(e) states that where an appellant overcomes the field office's basis for denial but the AAO identifies new grounds, the appropriate action is to remand or issue a request for evidence (RFE) or NOID. The AAO ignored this process and denied the application on a previously unraised ground, depriving Plaintiff of an opportunity to rebut or address the newly asserted factual premise.

36.    Further, 8 C.F.R. § 103.2(b)(16)(i) prohibits USCIS from basing a denial on derogatory information unknown to the applicant without first providing the information and an opportunity to respond. The AAO violated this rule by relying on an unstated and undisclosed document—a removal or reinstatement order—that has never been shared with Plaintiff.

37.    The agency's denial therefore lacks a rational connection between the facts and the conclusion reached, and rests on a shifting theory unsupported by record evidence. It is precisely the type of arbitrary and capricious agency action that the APA forbids.

38.    Defendants' failure to remand, to provide notice of adverse evidence, or to acknowledge binding regulatory safeguards renders the agency action unlawful and in need of correction by this Court under 5 U.S.C. § 706(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. **Declare** that Defendants' denial of Plaintiff's Form I-212 application was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A);

B. **Vacate** the denial of Plaintiff's Form I-212 and remand the matter to USCIS with instructions to re-adjudicate the application in compliance with

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

applicable law, regulations, and procedural safeguards;

C. **Enjoin** Defendants from relying on undisclosed or unsupported derogatory information, including any alleged removal or reinstatement order not contained in the record and not provided to Plaintiff;

D. **Retain jurisdiction** over this matter to ensure compliance with any relief ordered;

E. **Award reasonable attorneys' fees and costs** under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, or as otherwise authorized by law; and

F. **Grant such other and further relief** as the Court deems just and proper.

Dated: June 9, 2025                    Respectfully submitted,

THE BROOKS LAW FIRM, APC
By: /s/ Carlo Brooks
Carlo Brooks
3826 Grand View Blvd., Suite 661472
Los Angeles, CA 90066
(310) 691-9373
carlo@carlobrooks.com

*Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## STATEMENT OF RELATED CASES

Pursuant to L.R. 83-1.3, there are no known interested parties other than those participating in this case.

DATED: June 9, 2025                    Respectfully submitted,

                                       */s/   Carlo Brooks*
                                       CARLO BROOKS

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of this document and its attachments on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: June 9, 2025                    Respectfully submitted,

                                       /s/   Carlo Brooks
                                       CARLO BROOKS