BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
MARGARET M. CHEN (Cal. Bar No. 288294)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3148
    E-mail: Margaret.Chen@usdoj.gov

Attorneys for Defendants
U.S. Citizenship and Immigration Services,
Joseph Edlow[1], Sara M. French, Susan Dibbins

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCAEL EDUARDO CAMARGO GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS); ANGELICA ALFONSO-ROYALS, Acting Director, USCIS; SARA M. FRENCH, Director, USCIS Buffalo Field Office; SUSAN DIBBINS, Chief, USCIS Administrative Appeals Office,<br><br>Defendants. | No. 2:25-cv-05218-JC<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**<br><br>Honorable Jacqueline Chooljian<br>United States Magistrate Judge |

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Joseph Edlow, Director of USCIS, is substituted for former Acting Director Angelica Alfonso-Royals.

Defendants U.S. Citizenship and Immigration Services, Joseph Edlow, Sara M. French, Susan Dibbins ("Defendants") in response to the Complaint for Declaratory and Injunctive Relief Under the Administrative Procedure Act ("Complaint") brought against them by Plaintiff Rocael Eduardo Camargo Gomez ("Plaintiff"), and without waiving the below listed Defenses, hereby admit, deny, and answer the Complaint as follows:

## INTRODUCTION

1. Paragraph 1 contains Plaintiff's summary and characterization of this action, to which no response is required.

2. Paragraph 2 contains Plaintiff's conclusions of law, to which no response is required. Defendants aver that Plaintiff had knowledge of the reinstated removal order, which was the subject of a Petition for Review he filed in the Ninth Circuit. *See Camargo-Gomez v. Garland*, 2023 WL 3019062 (9th Cir. Apr. 20, 2023).

3. Paragraph 3 contains Plaintiff's characterization of the relief he seeks in this action, to which no response is required.

## PARTIES

4. In response to Paragraph 4, Defendants admit that Plaintiff Rocael Eduardo Camargo Gomez is a native and citizen of Guatemala. Defendants also admit that he is the beneficiary of an approved visa petition and seeks lawful status in the United States. Defendants further admit that Plaintiff filed a Form I-212 Application for Permission to Reapply for Admission into the United States After Deportation or Removal on or about October 7, 2021. Defendants aver that the cited document speaks for itself.

5. In response to Paragraph 5, Defendants admit the allegations.

6. In response to Paragraph 6, Defendants deny the allegations. Defendants aver that Joseph Edlow is the Director of USCIS.

7. In response to Paragraph 7, Defendants admit that allegations.

8. In response to Paragraph 8, Defendants admit that allegations.

## JURISDICTION AND VENUE

9. Paragraph 9 contains Plaintiff's jurisdictional allegations, to which no

1

response is required.

10. Paragraph 10 contains Plaintiff's jurisdictional allegations and characterization of the law, to which no response is required.

11. Paragraph 11 contains Plaintiff's venue allegations, to which no response is required.

## LEGAL FRAMEWORK

12. Paragraph 12 contains Plaintiff's characterization of the law, to which no response is required.

13. Paragraph 13 contains Plaintiff's characterization of the law, to which no response is required.

14. Paragraph 14 contains Plaintiff's characterization of the law, to which no response is required.

15. Paragraph 15 contains Plaintiff's characterization of the law, to which no response is required. Defendants aver that the cited document speaks for itself. Defendants deny the remaining allegations contained in Paragraph 15.

16. Paragraph 16 contains Plaintiff's characterization of this action and conclusions of law, to which no response is required.

17. Paragraph 17 contains Plaintiff's characterization of the law, to which no response is required.

## FACTS AND BACKGROUND

18. In response to Paragraph 18, Defendants admit that allegations.

19. In response to Paragraph 19, Defendants admit that Plaintiff is the beneficiary of an approved visa petition filed by a United States citizen child. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 19 and on that basis deny them.

20. In response to Paragraph 20, Defendants admit the allegations.

21. In response to Paragraph 21, Defendants admit that on August 23, 2024, USCIS issued a decision denying the I-212 Application. Defendants aver that the cited

document speaks for itself. The remaining allegations in Paragraph 21 contain Plaintiff's conclusions of law, to which no response is required.

22. In response to Paragraph 22, Defendants admit that on October 17, 2024, Plaintiff filed an appeal of USCIS's denial decision and that he later filed brief in support of the appeal. Defendants aver that the cited document speaks for itself.

23. In response to Paragraph 23, Defendants admit that on March 14, 2025, the Administrative Appeals Office (AAO) dismissed Plaintiff's appeal of USCIS's denial of the I-212 Application.

24. Paragraph 24 contains Plaintiff's conclusions of law regarding the AAO's decision, to which no response is required. Defendants aver that the cited document speaks for itself.

25. In response to Paragraph 25, Defendants admit that on April 11, 2025, Plaintiff filed a Motion to Reconsider the AAO's decision. Defendants aver that the cited document speaks for itself. Defendants deny any remaining allegations in Paragraph 25.

26. In response to Paragraph 26, Defendants deny the allegations. Defendants aver that on May 27, 2025, the AAO denied Plaintiff's Motion to Reconsider.

27. Paragraph 27 contains Plaintiff's conclusions of law and characterizations of his claims in this action, to which no response is required.

28. Paragraph 28 contains Plaintiff's conclusions of law, to which no response is required.

## FIRST CAUSE OF ACTION

**Violation of the Administrative Procedure Act (5 U.S.C. § 706(2)(A))**

29. In response to Paragraph 29, Defendants re-allege and incorporate by reference its responses to Paragraphs 1 through 28 as if set forth here in full.

30. In response to Paragraph 30, Defendants aver that the final agency action subject to judicial review is the AAO's March 14, 2025 dismissal of Plaintiff's appeal of USCIS's denial of the I-212 Application. Defendants deny any remaining allegations in Paragraph 30.

31. Paragraph 31 contains Plaintiff's characterization of the law, to which no response is required.

32. In response to Paragraph 32, Defendants admit that USCIS denied Plaintiff's I-212 Application on the ground that he was inadmissible under INA § 212(a)(9)(C) and that the AAO withdrew that finding. The remaining allegations in Paragraph 32 contain Plaintiff's conclusions of law, to which no response is required.

33. In response to Paragraph 33, Defendants admit that the AAO did not remand the case to the USCIS field office or issue a Notice of Intent to Deny pursuant to 8 C.F.R. § 103.2(b)(16)(i). Defendants aver that the cited document speaks for itself, and that Plaintiff had knowledge of the reinstated removal order, which was the subject of a Petition for Review he filed in the Ninth Circuit. *See Camargo-Gomez v. Garland*, 2023 WL 3019062 (9th Cir. Apr. 20, 2023). Defendants deny any remaining allegations in Paragraph 33.

34. In response to Paragraph 34, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on that basis deny them. Defendants further aver that the cited document speaks for itself.

35. Paragraph 35 contains Plaintiff's characterization of the AAO Practice Manual, to which no response is required. Defendants aver that the cited document speaks for itself.

36. The first sentence of Paragraph 36 contains Plaintiff's characterization of the law, to which no response is required. Defendants aver that the cited regulation speaks for itself. Defendants deny the remaining allegations contained in Paragraph 36.

37. In response to Paragraph 37, Defendants deny the allegations.

38. In response to Paragraph 38, Defendants deny the allegations.

39. The remainder of the Complaint constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

40. Any allegations to which a response is deemed necessary and which have

4

not been specifically admitted, denied, or otherwise responded to are hereby denied.

**DEFENSES**

In further response to the Complaint, Defendants assert the following defenses:

1. Plaintiff is barred from bringing any claim over which the Court lacks subject matter jurisdiction.

2. Plaintiff is barred from bringing any claim over which there has been no exhaustion of administrative remedies.

3. Plaintiff is barred from bringing any claim falling outside of the applicable statutes of limitation or repose.

4. Plaintiff fails to state a claim upon which relief may be granted because the challenged agency action is supported by substantial evidence and is neither arbitrary, capricious, nor contrary to law.

5. Under the Administrative Procedure Act, 5 U.S.C. § 501 et seq. ("APA"), judicial review of a final agency decision is limited to the administrative record of the proceedings below.

//
//
//
//
//
//
//
//
//
//
//
//
//

WHEREFORE, having fully answered, Defendants pray for judgment dismissing the Complaint with costs and disbursements; for judgment in Defendants' favor; and for such further relief as may be appropriate.

Dated: November 28, 2025          Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

      /s/ Margaret M. Chen
MARGARET M. CHEN
Assistant United States Attorney

Attorneys for Defendants
U.S. Citizenship and Immigration Services, Joseph Edlow, Sara M. French, Susan Dibbins