TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
MARGARET M. CHEN (Cal. Bar No. 288294)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-3148
        E-mail: Margaret.Chen@usdoj.gov

Attorneys for Defendants
U.S. Citizenship and Immigration Services,
Joseph Edlow, Sara M. French, Susan Dibbins

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCAEL EDUARDO CAMARGO GOMEZ,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS); et al.,<br><br>        Defendants. | No. 2:25-cv-05218-JDE<br><br>**DEFENDANTS' SUR-REPLY**<br><br>Honorable John D. Early<br>United States Magistrate Judge |

**DEFENDANTS' SUR-REPLY**

## I.    INTRODUCTION

Under the Administrative Procedure Act's deferential standard of review, Plaintiff fails to show that the AAO's March 2025 decision must be set aside. While Plaintiff may disagree with the facts found and conclusions made by USCIS, he fails to demonstrate that the AAO's decision is unreasoned and unsupported such that this Court is *compelled* to reach a contrary result. *See Herrera v. U.S. Citizenship & Immigr. Servs.*, 571 F.3d 881, 885 (9th Cir. 2009). He also fails to establish that the AAO's decision is procedurally defective. Accordingly, Defendants respectfully request that the Court enter judgment in their favor.

## II.    ARGUMENT

In his Reply Brief, Plaintiff complains about the contents of the Certified Administrative Record. Reply Br. at 17–19. It is well-established, however, that the actions of USCIS in compiling the administrative record are entitled to a presumption of regularity. *See Yan v. U.S. Citizenship & Immigr. Servs.*, No. CV 19-05871-SVW-FFM, 2020 WL 7978225, at *1 (C.D. Cal. June 4, 2020). While Plaintiff asserts that the Certified Administrative Record is somehow incomplete because it doesn't contain a copy of Plaintiff's reinstated 1992 order, as explained in Defendants' Responding Brief, it is undisputed that Plaintiff was removed from the United States pursuant to a 1992 order, that the 1992 order was reinstated in 2021 pursuant to INA 245(a)(5), and that the reinstated order made Plaintiff inadmissible under INA 212(a)(9)(A)(ii), such inadmissibility being the reason that Plaintiff filed the I-212 Application. Considering that for the purposes of an I-212 waiver that it is irrelevant whether the 1992 order is a deportation order or a removal order, the fact that a copy of that order is not contained in the Certified Administrative Record does not compel this Court to set aside the AAO's decision.

In the remainder of his Reply Brief, Plaintiff fails to meet his burden of establishing that the AAO's March 2025 decision is arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law. *See* 5 U.S.C. § 706(2)(A). Plaintiff acknowledged in his appeal brief to the AAO that he was ordered deported and physically removed from the United States in May 1992. CAR 13. He further acknowledged that his 1992 order had been reinstated in 2021, and that such reinstatement was upheld by the Ninth Circuit. CAR 13. The AAO acted within its authority to deny Plaintiff's I-212 on grounds that were different than the grounds of the USCIS Buffalo Field Office. The AAO was not required by any statute, regulation, or the agency practice manual to give Plaintiff notice and an opportunity to respond to the undisputed existence of the 1992 order, or the fact of its reinstatement, which was already litigated before the Ninth Circuit. The AAO also was not required by any statute, regulation, or agency practice manual to remand to the Buffalo Field Office rather than deny Plaintiff's I-212 on the grounds that it did.

It also was not legally erroneous for the AAO to find that INA 245(a)(5) barred Plaintiff's eligibility for an I-212 waiver, as Plaintiff's 1992 order was validly reinstated in 2021 pursuant to INA 245(a)(5). The Supreme Court has held that INA 245(a)(5) "applies to all illegal reentrants, . . . and generally forecloses discretionary relief from the terms of the reinstated order." *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35 (2006). Plaintiff's reliance on *Ixcot v. Holder*, 646 F.3d at 1202 (9th Cir. 2011) is misplaced. Nothing in *Ixcot* compels this Court to find that the AAO erred in finding that INA 245(a)(5) bars Plaintiff's eligibility for an I-212 waiver, particularly as no pre-IIRIRA vested rights are at issue here. Plaintiff filed the I-212 Application in 2023, well after the effective date of IIRIRA. *See Camargo-Gomez v. Garland*, 2023 WL 3019062, *1 (9th Cir. Apr. 20, 2023) (rejecting Plaintiff's challenge to the reinstatement of his 1992 order as impermissibly retroactive because no application for discretionary relief pending prior to effective date of IIRIRA at issue).

//

//

//

2

## III.    CONCLUSION

For the reasons set forth in Defendants' Responding Brief and this Sur-Reply, Defendants respectfully request that the Court enter judgment in their favor and dismiss this action.

Dated: June 16, 2026                  Respectfully submitted,

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section


_/s/ Margaret M. Chen_
MARGARET M. CHEN
Assistant United States Attorney

Attorneys for Defendants


## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendants, certifies that this memorandum of points and authorities contains 692 words, which complies with the word limit of L.R. 11-6.1 and the Standing Order entered June 25, 2025. ECF 12 at 7.


Dated: June 16, 2026                  _/s/ Margaret M. Chen_
MARGARET M. CHEN